UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK

| | |
|---|---|
| JERMAINE COOPER,<br><br>         Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, JOHN NUGENT, JOSE HERNANDEZ, ENYER TERRERO, BILLY VALERIO, ANTHONY AMIRALLY, EMRE GUVEN, SUFRAZ SYED, MICHAEL LESSER, JANE BUCKLE, JOHN ESTEVEZ, JOHN HERNANDEZ, JOHN MATURINE, JOHN SOLER, and JOHN and Jane Done 1-10,<br><br>         Defendants. | Docket No. 24-cv-07986<br><br>**NOTICE OF REMOVAL** |

  **PLEASE TAKE NOTICE** that Defendant Jody-Ann Buckle, ("Buckle"), by her attorney, Christopher J. Byrne, Assistant Attorney General for the Office of the New York State Attorney General, hereby removes the New York State Supreme Court Action currently pending in New York County denominated as *Jermaine Cooper v. City Of New York, et al.*, Index No. 158349/2024 (Sup. Ct. New York County) (the "State Court Action"), pursuant to 28 U.S.C. §§ 1441, 1446, and Rule 81(c) of the Federal Rules of Civil Procedure.

  1. On September 19, 2024, Buckle received a copy of the summons and complaint in the State Court Action (the "Summons" and "Complaint") via U.S. Mail, together with a statement of service by mail pursuant to CPLR 312-a.[1]  A true and complete copy of the Summons and Complains is attached as **Exhibit A**.

  2. In his Complaint, Plaintiff alleges that Defendants falsely arrested him and maliciously prosecuted him for possession of a loaded firearm with ammunition and narcotics.

---

[1] Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint are attached as Exhibit "A."

Plaintiff was exonerated of all charges at trial on June 12, 2023.  *See generally* Compl.

3. Plaintiff asserts five causes of action for false arrest, conspiracy, malicious prosecution, denial of the right to a fair trial, and failure to intervene pursuant to 42 U.S.C. § 1983, *et seq.* ("Section 1983"), a federal statute, in addition to raising state law claims regarding the same exact allegations: false arrest, malicious prosecution, denial of the right to a fair trial, failure to intervene, and others.  Compl. ¶¶ 36-77.

4. On September 19, 2024, Officer Buckle was served a copy of the complaint and summons.  A true and complete copy of the Affidavit of Service upon Officer Buckle, filed in the State Court Action on September 23, 2024, is attached as **Exhibit B.**

5. On October 17, 2024, an Answer with Discovery Demands was filed on behalf of the City of New York.  A true and complete copy of the Answer with Discovery Demands is attached as **Exhibit C**.

6. Prior to the filing of the Answer with Discovery Demands Affirmations of Service upon Emre Guven, Anthony Amirally, and the City of New York were filed on September 20, 2024.  Affirmations of Service upon Jose Hernandez and John Nugent were filed on October 1, 2024, while an Affirmation of Service upon Sufraz Syed was filed on October 16, 2024.  A true and complete copy of these Affirmations of Service are filed as **Exhibit D, E, F, G H, and I**.

7. Upon information and belief, no other process, pleadings, or orders have been filed to date in the State Court Action concerning Buckle.  No other responsive pleadings have been served in the State Court Action, and the time to do so has not expired.  Because Buckle first received a copy of the Summons and Complaint on or after September 19, 2024, *i.e.* less than 30

days ago[2], this Notice of Removal is timely and proper under 28 U.S.C. § 1446(b)(1).

8. Because the Complaint alleges claims arising under Section 1983, a federal statute, removal is proper under 28 U.S.C. §§ 1331, 1441 and 1446.

9. The State Court Action is pending in a state court geographically located within the Southern District of New York. Therefore, venue and removal to this Court is proper under 28 U.S.C. § 1446(a).

10. Buckle shall give written notice of the removal of this action to Plaintiff promptly and shall file such notice with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

11. Buckle expressly reserves its right to answer or move to dismiss the Complaint, reserves all available defenses, and denies any liability.

12. Therefore, Buckle respectfully requests removal of the State Court Action to the Southern District of New York.

Dated: New York, New York
       October 21, 2024

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant Jody-Ann Buckle*

By: ___*Christopher J. Byrne*___
CHRISTOPHER J. BYRNE
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8687
Christopher.byrne@ag.ny.gov

To (via NYSCEF):

---

[2] Given that October 19, 2024, was a Saturday the last day to remove is today Monday 21, 2024.

Michael Gluck, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116