

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BAILEY FORCIER**
*Assistant Corporation Counsel*
phone: (212) 356-5054
fax: (212) 356-2322
bforcier@law.nyc.gov

October 31, 2024

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Jermaine Cooper v. City of New York, et al.,
24 Civ. 7986 (NRB)

Your Honor:

I represent defendant City of New York (the "City") in the above-referenced matter. Defendant City writes to respectfully request that the Court remand this matter to its original forum, the Supreme Court of the State of New York, County of New York. Should the Court require it, the City will file a Notice of Motion and a Memorandum of Law in Support of Defendant City's Motion to Remand.

### A. Relevant Background

On September 10, 2024, plaintiff filed this action in the Supreme Court of the State of New York, County of New York, alleging state and federal claims of false arrest and malicious prosecution against the City, New York City Police Department police officers John Nugent, Jose Hernandez, Billy Valerio, Anthony Amirally, Emre Guven, and Sufraz Syed, and New York State Department of Corrections and Community Supervision officers Michael Lesser, "Jane" Buckle, "John" Estevez, "John" Hernandez, "John" Maturine, and "John" Soler. (ECF No. 1-1).

On or around September 17, 2024, the City was served with a copy of the summons and complaint. On October 17, 2024, the City filed an answer in the Supreme Court of the State of New York. (ECF No. 1-3).

On October 21, 2024, defendant Buckle filed a Notice of Removal pursuant to 28 U.S.C. § 1441. (ECF No. 1). Defendant City did not consent to the removal of this action, and the City does not consent to removal. As such, for the reasons that follow, the Court should remand this case to its original forum.

## B. The Court Should Remand this Case to State Court

The federal removal statute states that "defendant or defendants" have thirty days to remove a case to federal court. 28 U.S.C. § 1446. When an action "is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. § 1446(b)(2)(A).

Federal courts have interpreted the words "defendant or defendants" stringently, so as to require all defendants to manifest their consent to removal. Vistra Tr. Co. v. Stoffel, 08-CV-2844 (NRB), 2008 U.S. Dist. LEXIS 106493, at *13 (S.D.N.Y. Dec. 29, 2008) (Buchwald, J.) (emphasis in original). This requirement is referred to as the "rule of unanimity." Gribler v. Weisblat, 07-CV-11436 (NRB), 2008 U.S. Dist. LEXIS 16489, at *4 (S.D.N.Y. Feb. 25, 2008) (Buchwald, J.) (internal citations omitted). This unanimity requirement serves the interests of plaintiffs, defendants and the courts, because:

> It benefits plaintiffs by preventing defendants from splitting the litigation, forcing the plaintiff to pursue the case in two separate forums. It benefits defendants by precluding one defendant from imposing its forum choice on codefendants. And it helps courts by preventing needless duplication of litigation.

Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021) (citing 16 Moore's Federal Practice — Civil § 107.42 (2018)).

Further it is well-established that defendants must independently express their consent to removal. Taylor v. Medtronic, Inc., 15 F.4th 148, 151 (2d Cir. 2021) (citing Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012)). The Court should grant a party's motion to remand if one defendant fails to join in removal or consent to removal. See, e.g., Domino A LLC v. Accredited Sur. & Cas. Co., 23 Civ. 10919 (JLR), 2024 U.S. Dist. LEXIS 22622, at *1-3 (S.D.N.Y. Jan. 2, 2024) (granting motion to remand where one defendant failed to join notice of removal or consent to removal within 30 days of case becoming removable); Flores v. ECI Tramp., Inc., 23 Civ. 2037 (JGLC), at *4 (S.D.N.Y. Sept. 7, 2023) (same); Hailemariam v. Nat'l Passenger R.R. Corp., 22 Civ. 1503 (CS), 2022 U.S. Dist. LEXIS 90674, at *6–7 (S.D.N.Y. May 19, 2022) (same).

Here, removal was unambiguously undertaken only by defendant Buckle within 30 days of being served with the summons and complaint. (ECF No. 1 at ¶ 7). However, as a defendant who was properly served with the summons and complaint, the City was required to expressly consent to removal. Indeed, all named and properly served defendants must have *unanimously* consented to removal. The "mandatory language" in the statute straightforwardly requires each defendant to provide notice of consent within the 30-day statutory period. See Taylor, 15 F.4th at 151. There is no indication that the City consented to removal (because it did not) or provided the Court with notice of consent to remove. Because the City did not provide its consent to removal of this action, and because the Court did not receive the City's notice of consent, the unanimity requirement of § 1446(b)(2)(A) was not met and the City's request to remand must be granted.

Accordingly, the City respectfully requests that the Court remand this matter to its original forum. Should the Court require it, the City will file a Notice of Motion and a Memorandum of Law in Support of the City's Motion to Remand.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Bailey Forcier*
Bailey Forcier
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **Via ECF**
All counsel of record