## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jermaine Cooper,<br><br>               Plaintiff,<br><br>-against-<br><br>City of New York, *et al.*,<br><br>               Defendants. | **DECLARATION OF<br>GABRIEL P. HARVIS**<br><br>**24 CV 7986 (NRB)** |

Gabriel P. Harvis declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury,

that the following is true and correct:

1. I am a partner in the law firm Elefterakis, Elefterakis & Panek, attorneys for plaintiff Jermaine Cooper. As such, I am fully familiar with the facts and circumstances of this case. I submit this declaration in support of plaintiff's motion for remand and leave to file a post-remand motion for costs pursuant to 28 U.S.C. 1447(c).

2. On October 21, 2024, Assistant New York State Attorney General Christopher J. Byrne commenced an action in this district under docket number 24 CV 7986 by filing a document captioned "Notice of Removal" along with nine exhibits using the Court's CM/ECF system. *See* Docket Sheet, annexed hereto as Exhibit 1; DE #1, annexed hereto as Exhibit 2.

3. That same day, Mr. Byrne filed an unsigned SDNY Civil Cover Sheet indicating that jurisdiction was founded upon a "Federal Question." *See* DE #2, annexed hereto as Exhibit 3, p. 1.

4. By its plain language as strictly construed, the federal statute governing removal of state court actions based on original federal jurisdiction, 28 U.S.C. § 1446(b)(2)(a), requires the unanimous consent or joinder of all defendants.

5. The Notice of Removal filed at DE #1 does not indicate that counsel undertook any effort to seek the consent of defendants represented by the New York City Corporation Counsel as required by 28 U.S.C. § 1446(b)(2)(a). *See* Exhibit 2, *generally.*

6. Indeed, by letter dated October 31, 2024 (filed at DE #7), the assigned Assistant Corporation Counsel expressly confirmed that counsel for the removing defendant had not sought the City defendants' consent for removal and that, in any event, such consent was lacking. *See* DE #7, annexed hereto as Exhibit 4, pp. 1-2.

7. By e-mail dated November 13, 2024, the undersigned raised defendants' non-compliance with 28 U.S.C. § 1446(b)(2)(a) and requested removing counsel's consent to the instant application. *See* E-mail, annexed hereto as Exhibit 5.

8. Defense counsel responded by e-mail this afternoon but declined to provide his position on consent to remand. *See* E-mail, annexed hereto as Exhibit 6.

9. As of this writing, defense counsel has not responded to a follow-up request from the undersigned. *See* E-mail, annexed hereto as Exhibit 7.

10. Given that defense counsel failed to comply with the requirements of 28 U.S.C. § 1446(b)(2)(a), apparently failed to conduct a reasonable inquiry prior to seeking removal and failed to consent to remand even once made aware of the impropriety of the removal, the case should be remanded and plaintiff should be granted leave to file a post-remand motion for costs in accordance with 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Dated:    November 14, 2024
          Briarcliff Manor, New York

_____
**Gabriel P. Harvis**