**Subject:** RE: Jermaine Cooper extension request
**Date:** Thursday, November 14, 2024 at 3:08:57 PM Eastern Standard Time
**From:** Byrne, Christopher
**To:** Gabriel Harvis
**CC:** Michael Gluck, Baree Fett
**Attachments:** image001.png, image002.png, image003.png, image004.png, image005.png

Gabe:

Before I can address whether we would consent to remand, I must know why you brought an 8-803 of the New York City Administrative Code against my client as it clearly does not apply to the State Parole Officers. You name all defendants in the ninth claim, the Violation of Plaintiff's 8-803 Rights. You list defendants that are State Parole Officers. That would be unconstitutional as applied.  First 8-803 only applies to covered individuals and covered individuals is defined by 8-802 of the NYC Administrative Code and it states: The term "covered individual" means (i) an employee of the police department or (ii) a person who is appointed by the police commissioner as a special patrolman pursuant to subdivision c or e of section 14-106."  First DOCCS Parole Officers are not police officers they are State Peace Officers and DOCCS Parole officers are not special patrolman either.  Moreover, even if you tried to argue that 8-803 applies to DOCCS Parole Officers the statute would then be unconstitutional as the City Council lacks the authority to require DOCCS as a State Agency as an Employer of a Parole Officer to indemnify said Parole Officer if they were sued successfully under this statute.  It would also contradict New York Public Officers Law Sections 17 and 17-a1.  Further, bringing the ninth claim against State Parole Officers and then equating that DOCCS as a branch of the state could raise sovereign immunity issues as well.  Using these statutes against State Parole Officers also raises questions as to its entire constitutionality as it only states "Police Department" as the definition of covered individual not New York City Police Department or some identifiable variation.  This calls into question the entire constitutionality of statue as it is vague as to what Police Department the statute refers too.  The City Council lacks the authority to regulate state law enforcement.  We intend to litigate the constitutional issues regardless of what court we are so at this time we cannot address your question.  If you can kindly advise as to why you brought the ninth claim against State Parole Officers perhaps, we can address your remand concerns then.

Regards,

Chris Byrne

---

**From:** Gabriel Harvis <gharvis@eeplaw.com>
**Sent:** Wednesday, November 13, 2024 11:07 AM
**To:** Byrne, Christopher <Christopher.Byrne@ag.ny.gov>
**Cc:** Michael Gluck <mgluck@eeplaw.com>; Baree Fett <bfett@eeplaw.com>
**Subject:** Re: Jermaine Cooper extension request

Good morning Christopher,

I hope all is well. Given the City's October 31, 2024 letter, it appears that removal of this action was improper because it was done without the consent of all defendants in violation of 28 U.S.C. 1446(b)(2)(a). Accordingly, we request that your office consent to remand. Please advise by close of business tomorrow whether your office will consent. If we have not received your consent by that time, we will be filing a motion for remand and also requesting relief in accordance with 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a